2 Dec.
295

# EVIDENCE—CHARGE TO JURY.

[Lucas County Circuit Court, March 2, 1895.]

## BERDAN & CO. v. THE J. M. BOUR CO.

1. ADMISSIBILITY OF STATEMENTS MADE BY AN AGENT.

Where an agent acting under instructions from his principal answers orally and under oath a garnishee process served on such principal, his statements so made may be given in evidence against the principal in another action involving the property about which the agent had so testified, and about which he alone had knowledge.

2. CHARGING JURY AS TO RECOVERY IF THEY FOUND PARTIES MADE SOME OTHER CONTRACT.

Where the only issue was whether the defendant had purchased certain accounts for an agreed price of the plaintiff, and the court has fully instructed the jury as to the issue and the burden of proof, it is not error to refuse to charge that if the jury found that the parties made some other contract their verdict should be for defendant.

KING, J.

In this case an action was commenced before a justice of the peace by the J. M. Bour Company, a corporation, July 30, 1892, to recover the sum of $202.36, with interest from May 25, 1892, from Berdan & Company, a partnership doing business in the city of Toledo in the state of Ohio. After a judgment for the plaintiff, the case was appealed to the court of common pleas, a trial had and judgment rendered in favor of the plaintiff below, after which Berdan & Company filed in this court a petition in error. The plaintiff below claimed that defendant below was indebted to it in the sum mentioned, arising from the fact that they had sold, transferred and assigned to Berdan & Company certain accounts which amounted to this sum. The defendant, in its answer denied that they had purchased these accounts, but admitted that they were assigned to them, to be collected out of a stock of goods that were taken by Berdan & Company under a chattel mortgage and claimed that they were to be paid *pro rata* with accounts which Berdan & Company held against the same parties, secured by the same mortgage. The case was submitted to a jury upon the issue whether these accounts were sold to

Berdan & Company, and the verdict of the jury was, as we have said, in behalf of the plaintiff below. It was claimed that on that trial certain evidence was improperly admitted; and it was also claimed that the court erred in charging the jury as requested by defendant, and while it is not urged, it is assigned in the petition in error that the verdict of the jury was against the evidence. The facts that led up to the error claimed to be stated by the bill of exceptions, are, substantially, these: A firm of the name and style of Frische & Son, in the city of Toledo, became insolvent, and J. M. Bour & Co. and Feilbach & Co. and others had accounts against them for collection, and placed them in the hands of an attorney for collection. This attorney went to see Frische & Son and succeeded in getting a chattel mortgage to secure the account of J. M. Bour & Co. and Feilbach & Co., and also included in the mortgage, at the request of Frische & Son, an account which they owed to Berdan & Co., as they said they wanted to secure them that account, it being larger than the total of the others mentioned. After this mortgage was executed and delivered to the attorney for Feilbach & Co. and J. M. Bour & Co., and he had possession of the store and the stock of goods under the mortgage, the agent of Berdan & Co., appeared on the scene, Mr. James L. Pease, the credit man of Berdan & Co., who did their business of that kind and all of it, practically; and he was not satisfied with the arrangement in the chattel mortgage, and insisted that the chattel mortgage did not secure their debt, that it was not large enough, and suggested that it would be very much better if the mortgage was executed to Berdan & Co. alone, and it is claimed on the part of the J. M. Bour Company that he said there to the attorney acting for J. M. Bour Company and for Feilbach & Co., and The Toledo Spice Company, if they would assign their accounts to Berdan & Co., he would take them and give them credit on his books for the amount, or pay them, and then take a chattel mortgage to secure all of them; and he finally prevailed upon Frische & Son to execute another mortgage, and they did execute it, and these accounts were thereupon assigned on the back of them, by the attorney, to Berdan & Co.

A day or two after, somebody sued Frische & Son and garnisheed Berdan & Co., who were in possession of the stock and claiming to hold it under their chattel mortgage, and they were served with garnishee process and called before a justice of the peace to answer, and Mr. Pease again appeared to answer in that court for Berdan & Co. to this process, and he answered orally under oath on being questioned as to what title or claim Berdan & Co. had in these goods. Upon the trial of this case it was offered by certain witnesses—T. J. McDonnell and the justice of the peace, Mr. Enright, to prove, in making out plaintiff's case, what statements Mr. Pease had made, when under oath in answering this garnishee process in the justice court. This was objected to by the defendant below; the court admitted the testimony, and that is assigned here as error. It is claimed that it was erroneous because it was the narrative of Mr. Pease in reference to a past transaction which had been had by his principal and that he could not make any declaration about that which would in any way bind them.

The court are of opinion that these declarations or statements of Mr. Pease, under the circumstances testified to, do not come within that rule. Mr. Pease was there, if for any purpose, to answer the garnishee process served on his firm, simply to answer the process; and who should answer it better than the man who had all the knowledge? the man who took care of the credit business of the firm? Some one must come to answer, must file a written answer or testify orally. Mr. Pease appeared. He was the person who took possession of this stock of goods under the chattel mortgage; he was present and prepared the chattel mortgage; he was the person who made the arrangement for the assignment of these accounts to Berdan & Co. Mr. Pease appeared in the justice court and testified to the title and the right and claim which Berdan & Co. had in those goods, and he made certain declarations. If those declarations are against the claim of Berdan & Co. in this case, why are they not receivable as bearing on the question of the rights of Berdan & Co.? It would seem that they were, be-

cause Mr. Pease was especially authorized to appear and make statements under oath concerning Berdan & Company's rights, so that whatever answer he there made would be directly within the scope of his authority as their agent. We think the court did not err in permitting the evidence to be given and receiving the statements of Mr. Pease under those circumstances.

The defendant below asked the court to charge the jury the following proposition, which was refused:

"If you find there was no agreement by and between the defendants and the plaintiff, and Feilbach & Co., as to the amount to be paid, but that the accounts were assigned without any agreement as to what was to be paid for the same, the law will not infer that the defendants were to pay the full face value of said accounts, but to pay *quantum meruit*, or whatever they were fairly worth at the time of said assignment, and if you find that there was no agreement as to what was to be paid for the accounts in question, your verdict will be for the defendant."

I have said that the case was tried upon the issue of whether or not these accounts were purchased by Berdan & Co. It was claimed and set up in the answer of Berdan & Co. that they had received an assignment of these accounts to be paid for out of the proceeds to be collected from this stock of goods. An arrangement was entered into by counsel trying the case before the court below that the single issue should be presented to the jury. If the jury found for the plaintiff, that ended the case. If they found for defendant, the case still continued for the court to take an account of the amount which should be due to the plaintiff below on account of the arrangement set out in the answer. Now the defendant asks that the court should instruct the jury as I have read. But the court did instruct the jury on that subject. After stating the issues and the pleadings between the parties and some of the questions that arose, the court said to the jury .

"That the plaintiff must make out by a preponderance of the evidence on the whole case; and unless the plaintiff does make that out, the plaintiff must fail and your verdict must be for the defendants. If the plaintiff does make it out, if he makes out that Feilbach & Co. assigned their account to the plaintiff, then you will find the amount that the defendants agreed to pay for those accounts, and cast interest on it from the 25th day of May up to the 2d day of January, 1894, and that will be your verdict. But if this contract was not made with Berdan & Co.; if Berdan & Co. did not agree to pay a certain price for those accounts, if that is not made out by a preponderance of the evidence, or if Berdan & Co. took the accounts and agreed to take the goods and get in money as much as possible out of them and render to each one a *pro rata* share of the proceeds, if that was the arrangement, then your verdict must be for the defendants. The court will go into that accounting afterwards and do justice between the parties."

Then counsel for defendant (the court having refused the instruction which I have read) stated that he would except to the refusal of the court to charge in accordance with the request. The court then said:

"I have said very positively that the plaintiff alleges that the defendants bought these accounts absolutely, and agreed to pay a certain price for them; and if the plaintiff don't make that out he cannot recover, and I say it now. You may retire, gentlemen."

Now it seems to us that that charge of the court submitted the whole issue to the jury. The question was, whether that agreement was made or not, to wit: the agreement to pay the face of the accounts, whether they were purchased by Berdan & Co. with an agreement that that price was to be paid, and the court said that that was the issue; if that was not made out, then the verdict must be for defendant. It does not seem to us that the request submitted by the defendant would have been pertinent in any event. It was necessary that the jury should find that this agreement which was alleged in the petition was made, and, if they did not find that, the court said to them that their verdict must be for

the defendant. So that we do not find any error in the charge and affirm the judgment, but without penalty.

*L. K. Parks*, Attorney for Plaintiff in Error.

*J. E. Piliod*, Attorney for Defendant in Error.